UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OMNIPOINT COMMUNICATIONS, INC.,
OMNIPOINT NY MTA LICENSE, LLC,
and T-MOBILE LICENSE LLC,

                Plaintiffs,

-against-

THE TOWN OF RAMAPO, THE TOWN OF RAMAPO PLANNING BOARD, PLANNING BOARD CHAIRMAN SYLVAIN KLEIN, BRACHA GOBIOFF, BRENDEL LOGAN, REV. WALTER BRIGHTMAN, JR., JOHN BRUNSON, RICHARD STONE, DORA GREENE, in their official capacities, constituting the Town Planning Board, THE TOWN OF RAMAPO TOWN BOARD and LIBORIO DERARIO in his official capacity as Director of Building Administration and Code Enforcement,

                Defendants.

---

FIRST SUPPLEMENTAL COMPLAINT

08 CV. 2419 (SCR)
ECF CASE

      Leave having been granted, plaintiffs, Omnipoint Communications, Inc., Omnipoint NY MTA License, LLC, and T-Mobile License LLC (hereinafter collectively referred to as the "plaintiff"), by their undersigned counsel, Snyder & Snyder, LLP, bring this supplemental complaint against defendants, alleging as follows:

      1.     Plaintiff commenced this action on March 10, 2008 seeking to declare unlawful the unreasonable delay and effective denial of plaintiff's

       special permit and site development plan application (the "Application") to install a wireless telecommunications facility (the "Facility").

2. On March 11, 2008, defendant Planning Board denied the Application.

3. Plaintiff now supplements its complaint to seek to declare unlawful the defendant Planning Board's unsupported denial of the Application.

4. Plaintiff incorporates by reference each and every allegation contained in the First Amended Complaint as if it were more fully set forth herein.

5. Defendant Planning Board's denial of the Application was based on the unsupported generalized statement of Planning Board Member Brendel Logan that the Facility is a "health risk", an "eyesore" and will "lower property values."

6. The Facility will comply with the Federal Communications Commission's regulations concerning radio frequency emissions.

7. The defendant Planning Board's denial of the Application is not supported by substantial evidence in the written record.

8. Since there is no less intrusive means of remedying plaintiff's significant gap in coverage, the denial of the Application is a prohibition of service.

9. Defendant Planning Board's denial of the Application was arbitrary and capricious.

10. Defendant Planning Board's denial of the Application was not in writing.

11. Defendant Planning Board's denial of the Application fails to include any statement of findings or any legal justification for the denial.

12. On April 11, 2008, plaintiff's attorneys spoke with Michelle Lowy at the Town of Ramapo Town Clerk's office and was informed that a decision on the Application has not been filed with the Town Clerk's office.

13. Defendant Planning Board's denial of the Application was not filed with the Town of Ramapo Town Clerk within five (5) days of when it was rendered in accordance with New York State Town Law § 274-b(6).

14. The actions complained of constitute a denial of the rights secured to plaintiff under the federal Telecommunications Act of 1996 (Public Law 104-104, 110 Stat. 56), and Article 78 of the New York State Code of Civil Practice Law and Rules.

15. There is no way to measure the loss of market share and customer goodwill the plaintiff continues to suffer as a result of the significant gaps in coverage which continue to exist in the Town and surrounding areas.

## AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS PURSUANT TO SECTION 332(c) OF THE TCA

16. Plaintiff repeats and realleges paragraphs 1 through 15 of this Supplemental Complaint as though set forth in full herein.

17. Section 332(c)(7)(B)(iii) of the TCA, provides that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

18. Defendant Planning Board's denial of the Application is not based on substantial evidence and not "in writing" and is therefore violative of the rights secured to plaintiff under 47 U.S.C. §332(c)(7)(B)(iii).

## AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS PURSUANT TO SECTION 332(c) OF THE TCA

19. Plaintiff repeats and realleges paragraphs 1 through 18 of this Supplemental Complaint as though set forth in full herein.

20. Section 332(c)(7)(B)(i)(II) of the TCA, provides that "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof -- . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

21. By denying the Application, defendants have effectively prohibited the provision of personal wireless service in violation of Section 332(c)(7)(B)(i)(II), since plaintiff has demonstrated a significant gap in service and there is no less intrusive means of remedying such gap.

## AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS PURSUANT TO SECTION 332(c) OF THE TCA

22. Plaintiff repeats and realleges paragraphs 1 through 21 of this Supplemental Complaint as though set forth in full herein.

23. Section 332(c)(7)(B)(iv) of the TCA provides that: "No State or local government or instrumentality thereof may regulate the placement, construction and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions." 47 U.S.C. §332(c)(7)(B)(iv).

24. Defendant Planning Board's denial of the Application was based on unsubstantiated generalized community concerns regarding perceived health effects from radio frequency emissions from the Facility, in violation of §332(c)(7)(B)(iv) of the TCA.

## AS AND FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS UNDER NEW YORK LAW

25. Plaintiff repeats and realleges paragraphs 1 through 24 of this Supplemental Complaint as though set forth in full herein.

26. There is substantial evidence in the written record before the defendants that supports the issuance of the requested special permit and site plan approval under the Town of Ramapo Zoning Code, and the Town of Ramapo Planning Board Site Development Plan Rules and Regulations for site plan approval.

27. There is no substantial evidence in the written record before the defendants and no rational basis that supports the denial of the Application.

28. Defendant Planning Board's denial of the Application was arbitrary and capricious and not based on substantial evidence, in violation of the New York State Town Law and the Town of Ramapo Zoning Code, all in violation of Article 78 of the New York State Code of Civil Practice Law and Rules.

**WHEREFORE**, the plaintiff respectfully demands judgment of this Court on all of its Claims for Relief and a judgment and order which:

(1) declares unlawful defendant Planning Board's denial of plaintiff's application;

(2) compels defendants and their agents to issue a special permit and site plan approval and any other zoning approvals required for plaintiff to construct operate and maintain the Facility; and

(3) compels defendants and their agents to issue any other required approval and/or permits, including, but not limited to, a building permit by the Building Inspector, to construct operate and maintain the Facility; and

(4) grants plaintiff such other, further and different relief as the Court may deem just and proper.

*(signature)*

Robert D. Gaudioso (ID #RG 3829)
Snyder & Snyder, LLP
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

Dated: April 11, 2008
Tarrytown, New York 10591

Z:\SSDATA\WPDATA\SS3\RDG\voicestream\Ramapo\06-615\Litigation\Supplemental Complaint.doc