UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**OMNIPOINT COMMUNICATIONS, INC., OMNIPOINT NY MTA LICENSE, LLC, and T-MOBILE LICENSE LLC,**

                  Plaintiffs,

-against-

**THE TOWN OF RAMAPO,** THE TOWN OF RAMAPO PLANNING BOARD, PLANNING BOARD CHAIRMAN SYLVAIN KLEIN, BRACHA GOBIOFF, BRENDEL LOGAN, REV. WALTER BRIGHTMAN, JR., JOHN BRUNSON, RICHARD STONE, DORA GREENE, in their official capacities, constituting the Town Planning Board, THE TOWN OF RAMAPO TOWN BOARD and LIBORIO DERARIO in his official capacity as Director of Building Administration and Code Enforcement,

                  Defendants.
_____

JOINT LETTER PURSUANT TO NOTICE OF REQUIREMENT TO SUBMIT A SCHEDULING ORDER

08 CV. 2419 (SCR)
ECF CASE

      This joint letter is submitted pursuant to this Court's "Notice of Requirement to Submit a Scheduling Order", dated March 12, 2008.

### DESCRIPTION OF THE CASE

      Plaintiffs commenced this action on March 10, 2008 under the federal Telecommunications Act of 1996 (the "TCA") seeking to declare unlawful the unreasonable delay and effective denial by defendants of plaintiffs' application (the "Application") for a special permit and site plan approval to install a wireless

telecommunications facility. Plaintiffs sought permission from the defendant Town of Ramapo Planning Board to install a one hundred (100') foot monopole, using stealth technology designed to resemble a tree, with six (6) small panel antennas camouflaged with tree branches and related equipment cabinets at the base thereof, located at a public utility gas substation on Eckerson Lane, Town of Ramapo, New York. At the time plaintiffs commenced this action, the Application had been pending for more than twenty-two (22) months and a decision had not been rendered on same. However, the Planning Board previously issued a negative declaration pursuant to the New York State Environmental Quality Review Act finding no significant adverse impacts and the Zoning Board of Appeals granted all necessary variances.

Subsequent to the commencement of this action, defendant Planning Board denied the Application. Plaintiffs supplemented the complaint to seek to declare unlawful the defendant Planning Board's denial of the Application. Plaintiffs allege that the Planning Board's denial of the Application: (1) is not based on substantial evidence; (2) is not in writing; (3) constitutes a prohibition of the provision of wireless service; (4) was based on the environmental effects of radio frequency emissions all in violation of the TCA. Plaintiffs also allege that the Planning Board's denial of the Application was arbitrary and capricious and not based on substantial evidence, in violation of the New York State Town Law and the Town of Ramapo Zoning Code, all in violation of Article 78 of the New York State Code of Civil Practice Law and Rules.

Defendants have raised the affirmative defense that the Planning Board's decision was fully supported by the record.

Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1343 and §1331 because this is a civil action that presents federal questions arising under the TCA. This Court has supplemental jurisdiction over any and all New York State Law claims pursuant to 28 U.S.C. §1367.

### CONTEMPLATED MOTIONS

The parties are ready to proceed with motions on summary judgment.

### PROSPECT FOR SETTLEMENT

The parties have been unable to reach a settlement agreement.

_____
Robert D. Gaudioso (ID #RG 3829)
Snyder & Snyder, LLP
Attorney for Plaintiffs
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

_____
Michael B. Specht (ID #MS 2475)
Deputy Town Attorney, Town of Ramapo
Attorney for Defendants
237 Route 59
Suffern, NY 10901
(845) 357-5100

Dated: June 18, 2008

Z:\SSDATA\WPDATA\SS3\RDG\voicestream\Ramapo\06-615\Litigation\Joint Letter.doc