UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

**OMNIPOINT COMMUNICATIONS, INC.,**
**OMNIPOINT NY MTA LICENSE, LLC,**
**and T-MOBILE LICENSE LLC,**

                Plaintiffs,

       -against-

**THE TOWN OF RAMAPO,** THE TOWN OF
RAMAPO PLANNING BOARD, PLANNING
BOARD CHAIRMAN SYLVAIN KLEIN,
BRACHA GOBIOFF, BRENDEL LOGAN, REV.
WALTER BRIGHTMAN, JR., JOHN BRUNSON,
RICHARD STONE, DORA GREENE, in their
official capacities, constituting the Town Planning
Board, THE TOWN OF RAMAPO TOWN
BOARD and LIBORIO DERARIO in his official
capacity as Director of Building Administration and
Code Enforcement,

                Defendants.

       08 CV. 2419 (SCR)
       ECF CASE

———————————————————————

## PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS ON MOTION FOR SUMMARY JUDGMENT AS TO WHICH IT CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED

        With respect to plaintiffs Omnipoint Communications, Inc., Omnipoint NY MTA License, LLC, and T-Mobile License LLC's (hereinafter collectively referred to as the "plaintiff") Local Rule 56.1 Statement of Material Facts on Motion for Summary Judgment as to Which It Contends There is No Genuine Issue to Be Tried, plaintiff states that the following constitute uncontested material facts. Plaintiff respectfully refers the court to the stipulated administrative Record ("R"), consisting of an 86 Exhibit ("Ex."), 683 page written administrative

record that the parties have stipulated as being complete and accurate, a copy of which is included in a separate bound volume submitted herewith and deemed a part hereof:[1]

1.    On March 30, 2005, defendant Town of Ramapo ("Town") Town Board ("Town Board") enacted and then subsequently extended a moratorium ("Moratorium") on wireless facilities. The Moratorium was in effect for nine months. The stated purpose of the Moratorium was to enact changes to the Town's zoning and land use procedure for wireless facilities. (Defendants Failure to Deny Allegation #33 of Plaintiffs' First Amended Complaint in Answer; R., Ex. 1 at pages 00001-00006).[2]

2.    During the pendency of the Moratorium, plaintiff applied for and defendant Town Board denied plaintiff's application for a waiver from the terms of the Moratorium. (Defendants' Failure to Deny Allegation #34 of Plaintiff's First Amended Complaint in Answer; R., Ex. 2 at pages 00007-00009, R., Ex. 6 at page 00034).

3.    The Moratorium expired more than two years ago, in January 2006, and no changes to the Town Zoning Code ("Zoning Code") have been proposed for wireless facilities. (Defendants' Failure to Deny Allegation #35 of Plaintiff's First Amended Complaint in Answer).

---

[1] A copy of the "Stipulation to Contents of the Record" signed by the parties stipulating to the contents of the administrative Record is attached hereto as Exhibit A.  The parties have agreed that the Record submitted herewith is the whole and complete written administrative record.
[2] A copy of Defendants' Answer is attached hereto and made a part hereof as Exhibit B.

4.    On April 17, 2006, plaintiff submitted to defendant Town Planning Board (the "Planning Board") an application (the "Application") for special permit and site development plan approval to install a stealth wireless telecommunications facility (the "Facility"), which, as originally proposed, would consist of a 120 foot monopole, at an Orange and Rockland Utilities, Inc. ("O&R") public utility gas substation on Eckerson Lane, Spring Valley, Town of Ramapo, New York (the "Public Utility Site"). (R., Ex. 7 at pages 00035-00146a).

5.    A final decision was not rendered on the Application until **more than 22 months after the Application was filed**. (R., Ex. 7 at pages 00035-00146-A, R., Ex. 83 at pages 00673-00674 ).

6.    The Application included the required application forms, a Narrative Summary in support of the proposal, a Long Environmental Assessment Form with Visual Environmental Assessment Form ("EAF") Addendum, and a full Site Plan.    The Narrative Summary included:    (i) a demonstration that the requirements of the Zoning Code were met; (ii) the affidavit of Raj Makhija, plaintiff's radio frequency engineer, which included a technical demonstration that the Facility was necessary to remedy a significant gap in service; (iii) a Visual Resource Evaluation prepared by B&E Associates, LLC, which concluded that the Facility will not have an adverse aesthetic impact on the community; (iv) a report from Pinnacle Telecom Group, which confirmed that the Facility would comply with the applicable FCC regulations pertaining to radio frequency emissions; (v) a copy of plaintiff's Site Lease Acknowledgement with O&R; and (vi) a copy of plaintiff's

3

FCC license. (R., Ex. 7 at page 00035-00146(a)).

       7.    The Application demonstrated that the Facility met the requirements of the Zoning Code and the Planning Board Site Development Plan Rules and Regulations for site plan approval, as required to install the Facility at the Public Utility Site. (Defendants' Failure to Deny Allegation #29 of Plaintiff's First Amended Complaint in Answer; R., Ex. 7 at pages 00035-00146a; R., Ex. 18 at pages 00169-00193a; R., Ex. 24 at pages 00212-00226; R., Ex. 30 at pages 00234-00252; R., Ex. 32 at pages 00258-00305; R., Ex. 45 at pages 00336-00358a; R., Ex. 59 at pages 00376-00380; R., Ex. 63 at pages 00411-00426; R., Ex. 70 at pages 00459-00466; and R., Ex. 79 at pages 00582-00584).

       8.    Plaintiff agreed to reduce the height of the Facility to 100 feet to comply with the 100 foot height limitation of Section 376-1214 of the Town of Ramapo Zoning Ordinance ("Wireless Law"). (Defendants' Failure to Deny Allegation #30 of Plaintiff's First Amended Complaint in Answer; R., Ex. 44 at pages 00331-00335; R., Ex. 45 at pages 00337, 00358a).

       9.    The Facility required the issuance of four setback variances that were granted by the Town Zoning Board of Appeals ("Zoning Board") on April 12, 2007. (Defendants' Failure to Deny Allegation #27 of Plaintiff's First Amended Complaint in Answer; R., Ex. 44 at pages 00331-00335).

       10.    In granting the necessary setback variances, the Zoning Board found that: (1) "an undesirable change will not be produced in the character of the neighborhood nor a detriment to nearby properties will be created by the granting of

the area variances;" and (2) "the proposed variance will not have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district." (Defendants' Failure to Deny Allegation #28 of Plaintiff's First Amended Complaint in Answer; R. Ex. 44 at pages 00331-00335).

11.     Despite repeated requests by plaintiff after obtaining the necessary variances from the Zoning Board, defendant Planning Board failed to place the Application on a Planning Board agenda for a period of more than six (6) months. (R., Ex. 45(A) at pages 00336-00338; and Ex. 52 at page 00366; Affidavit of Robert D. Gaudioso, Esq., sworn to August 14, 2008 ("Gaudioso Affidavit") at paragraphs 61, 64, 68-71).

12.     The Facility will consist of a 100 foot monopole, designed using stealth technology to resemble a tree, with six small panel antennas camouflaged with tree branches mounted thereon, together with related equipment cabinets at the base thereof. (R., Ex. 45(G) at page 00358a).

13.     Pursuant to the request of the Planning Board, plaintiff agreed to camouflage the Facility using stealth technology to resemble a tree. (R., Ex. 30A at page 00236; R., Ex. 30C at pages 00248 – 00252).

14.     In connection with the Application, on October 17, 2006, defendant Planning Board adopted a negative declaration pursuant to the New York State Environmental Quality Review Act finding that the **Facility will not have a significant adverse impact on the environment.** (Defendants' Failure to Deny Allegation #37 of Plaintiff's First Amended Complaint in Answer; R., Ex. 37 at

5

pages 00311-00312).

15.    The Planning Board's negative declaration expressly found as follows:

> "The applicant has selected a site that is a current utility site which is **well screened from the surrounding neighborhood**. The visual analysis shows that **the location will be minimally noticed during the leaf on seasons**. The visuals provided show the "undisguised" antenna and not the "evergreen" antenna that will be used. **The evergreen antenna will help mitigate visual impacts for leaf off times**. The antenna has been placed as close as possible to the middle of the site to again mitigate impacts. . . . No residences will be closer than 200 feet of the tower. The applicant has provided alternative site evaluation and co-location information on known and planning board suggested sites. **This site provides the best option for closing the coverage gap**. No other location could provide the coverage required with the exception of the existing O&R towers number 1 and 4, but each would have required altering the towers to increase their height to one hundred seventy five feet, one hundred feet higher than their current level, an impractical solution."

(emphasis added) (R., Ex. 37 at page 00311).

16.    The Town's planning consultant, John Lange, F. P. Clark Associates Inc. ("Town Planner"), confirmed the Facility's lack of adverse impacts in a memorandum dated June 5, 2006, which stated that: (1) **the Facility "is reasonably separated from the surrounding residences"**; (2) **the visual "impacts to the sites depicted are not severe"**; and (3) **"the physical impact of the proposed action will be negligible as the wireless equipment will be located on an existing utility site"** (emphasis added). (Defendants' Failure to Deny Allegation #39 of Plaintiff's First Amended Complaint in Answer; R., Ex. 16 at pages 00160-00167).

17.    In a June 27, 2007 memorandum the Town Planner also advised that "[s]ince the Zoning Board of Appeals has granted the variances required, and since the height of the tower has been reduced to the maximum allowable height and **since all of the other concerns have been mitigated**, this is ready for final site plan approval" (emphasis added). (Defendants' Failure to Deny Allegation #40 of Plaintiff's First Amended Complaint in Answer; R. Ex. 50 at pages 00363-00364).

18.    As confirmed by the Planning Board and its consultants, plaintiff's application submissions demonstrated that the Facility meets all required special permit requirements of the Wireless Law and would not have a significant adverse effect on the environment. (R., Ex. 7 at pages 00035-00146a; R., Ex. 18 at pages 00169-00193a; R., Ex. 24 at pages 00212-00226; R., Ex. 30 at pages 00234-00252; R., Ex. 32 at pages 00258-00305; R., Ex. 36 at pages 00309-00310; R., Ex. 37 at pages 00311-00312; R., Ex. 45 at pages 00336-00358a; R., Ex. 50 at pages 00363-00364; R., Ex. 59 at pages 00376-00380; R., Ex. 63 at pages 00411-00426; R., Ex. 70 at pages 00459-00466; and R., Ex. 79 at pages 00582-00584).

19.    Plaintiff is licensed by the Federal Communications Commission (the "FCC") to provide personal communication services throughout New York, including the Town of Ramapo. (R., Ex. 7(G)(5) at page 00132).

20.    Plaintiff's engineers confirmed that plaintiff's existing sites in and around the Town are unable to provide reliable service in the area of the Public Utility Site resulting in a significant gap in reliable wireless service in the Town of

7

Ramapo. (R., Ex. 7(G)(1) at pages 00065-00076; R., Ex. 24(B) at pages 00213-00226; and R., Ex. 45(F) at page 00347–00358).

21. Plaintiff's engineers confirmed that the proposed Facility will be used to provide federally licensed wireless communication services and will remedy a significant gap in plaintiff's reliable wireless service. (R., Ex. 7(G)(1) at pages 00065-00076; R., Ex. 24(B) at pages 00213-00226; and R., Ex. 45(F) at page 00347–00358).

22. In its April 17, 2006 application to the Planning Board, plaintiff provided a report prepared by Radio Frequency ("RF") engineer Raj Makhija, which discussed the need for the proposed wireless telecommunications facility to provide reliable wireless coverage in the vicinity of the Public Utility Site. Mr. Makhija determined that a coverage gap exists in the vicinity of the Public Utility Site, as depicted in the coverage maps attached to his report. The coverage maps prepared by plaintiff, depicting the gap in service, were generated using an RF propagation computer software program, which takes into account natural and manmade features that can affect and interfere with radio signals. In addition, Mr. Makhija determined that it is not feasible to locate the Facility on an existing facility on the Town's Existing Facilities Inventory to remedy plaintiff's significant gap in reliable service. (R., Ex. 7(G)(1) at pages 00065-00076).

23. By cover letter to defendant Planning Board from Snyder & Snyder, LLP, dated June 26, 2006, plaintiff submitted coverage maps, prepared by plaintiff's radio frequency engineer, which further demonstrated that it is not feasible

for plaintiff to locate the Facility on an existing facility on the Town's Existing Facilities Inventory to remedy plaintiff's significant gap in reliable service. (R., Ex. 18A at page 00170; R., Ex. 18C at pages 00192-00193).

24.    By cover letter to defendant Planning Board from Snyder & Snyder, LLP, dated July 7, 2006, plaintiff submitted the First Supplemental RF Affidavit of Raj Makhija, which included updated coverage maps demonstrating that plaintiff had a significant gap in reliable wireless coverage in the vicinity of the Public Utility Site, that the Facility would remedy plaintiff's significant gap in coverage and that it was not feasible to locate the Facility on an existing facility on the Town's Existing Facilities Inventory to remedy plaintiff's significant gap in reliable service. (R., Ex. 24A at page 00212; R., Ex. 24B at pages 00213-00226.

25.    By cover letter to defendant Planning Board from Snyder & Snyder, LLP dated August 30, 2006, plaintiff submitted the Second Supplemental RF Affidavit of Raj Makhija, which demonstrated that alternative locations suggested by defendant Planning Board and/or reviewed by plaintiff were not feasible alternative locations for the Facility to remedy Omnipoint's significant gap in coverage. (R., Ex. 30A at pages 00234-235; R., Ex. 30B at pages 00237-00245.)

26.    By cover letter to defendant Planning Board from Snyder & Snyder, LLP dated October 3, 2006, plaintiff submitted: (1) the Third Supplemental RF Affidavit of Raj Makhija, which demonstrated that it was not feasible to locate a facility on either the existing O&R tower or the Summit Park Water Tank as an alternative to the Facility at the Public Utility Site; and (2) a letter from O&R

9

confirming that it is not feasible to extend the existing O&R towers to the necessary height of 175 feet. (R., Ex. 32A at pages 00258-00259; R., Ex. 32B at page 00260; R., Ex. 32D at pages 00274-00305).

27.     By cover letter to defendant Planning Board from Snyder & Snyder, LLP dated May 16, 2007, plaintiff submitted a report prepared by Rich Conroy, PierCon Solutions, Omnipoint's RF engineering consultants, dated April 11, 2007 which further demonstrated that plaintiff has a significant gap in coverage, that the Facility would remedy plaintiff's significant gap in coverage, that there are no feasible alternatives to the Facility at the Public Utility Site and that 100 feet is the minimum height necessary to remedy plaintiff's significant gap in coverage. (R., Ex. 45A at pages 00336-00338; R., Ex. 45F at pages 00347-00358).

28.     Defendants have never disputed that plaintiff has a significant gap in reliable wireless service in the vicinity of the Public Utility Site. (R., Ex. 1-86 at pages 00001-00683).

29.     Defendant Planning Board's negative declaration contained no alternative sites that were feasible or less intrusive. (R., Ex. 37 at pages 00311-00312).

30.     Pursuant to the Wireless Law, the Facility is expressly permitted at the Public Utility Site by special permit and site development plan approval by the Planning Board.  (R., Ex. 86 at page 00678-00683).

31.     The Wireless Law requires an applicant for a wireless communications facility to demonstrate that it is not feasible to locate the Facility on

an existing site on the Town's Existing Facilities Inventory. (Defendants' Failure to Deny in Answer; R., Ex. 86 at pages 00678-00683).

32.    The Application submissions demonstrated that it is not feasible to locate the Facility on an existing site on the Town's Existing Facilities Inventory as an alternative to the Facility at the Site. (R., Ex. 7(I) at pages 00065-00076, 18(C) at pages 00192-00193; and R., Ex. 24(B) at pages 00213-00226).

33.    The Wireless Law requires that where location on a site with existing facilities is not possible, such facility shall be located on a site with existing commercial and nonresidential uses. (Defendants' Failure to Deny Allegation # 45 of Plaintiff's First Amended Complaint in Answer; R., Ex. 86 at page 00678).

34.    In compliance with the Wireless Law, the Facility is proposed to be located on a site that is currently used as a public utility gas substation, a nonresidential use. (Defendants' Failure to Deny Allegation # 46 of Plaintiff's First Amended Complaint in Answer; R., Ex. 16 at page 00161).

35.    Over the course of the Planning Board's review, the Planning Board required plaintiff to review the feasibility of locating the Facility at seven alternative locations, including a location at the Hillcrest Fire Department. (Defendants' Failure to Deny Allegation #47 of Plaintiff's First Amended Complaint in Answer; R., Ex. 27 at pages 00229-00231; R., Ex. 31 at pages 00253-00257; and R., Ex. 54 at page 00368).

36.    Plaintiff submitted documentary evidence that each location was not a feasible alternative to the proposed Facility at the Public Utility Site.

(Defendants' Failure to Deny Allegation #48 of Plaintiff's First Amended Complaint in Answer; R., Ex. 30(B) at pages 00237-00247; R., Ex. 32(D) at pages 00274-00305; R., Ex. 45(F) at pages 00347-00358; and R., Ex. 56 at pages 00371-00373).

37.    Defendants' consultants agreed that each location was not a feasible alternative to the proposed Facility at the Public Utility Site. (R. Ex. 36, pages 00309-00310; R., Ex. 58 at page 00375).

38.    In a memorandum to the Deputy Town Attorney for Planning and Zoning, dated October 13, 2006, the Town Planner confirmed that "the applicant has provided sufficient information on alternative locations to support their contention that the proposed site is one that meets their coverage requirements with the least impact upon the environment." (R., Ex. 36, at pages 00309-00310).

39.    The Town's RF consultant, RCC Consultants, Inc. ("RCC"), confirmed that the Hillcrest Fire Department property is not a feasible alternative to the Facility at the Public Utility Site. (R. Ex. 58 at page 00375).

40.    Defendant Planning Board required plaintiff to review the feasibility of utilizing a distributed antenna system ("DAS") as an alternative to the proposed Facility. (R., Ex. 61 at pages 00389-00394).

41.    Plaintiff demonstrated that DAS is not a feasible alternative to the proposed Facility. (R, Ex. 61 at pages 00389-00394; R., Ex. 70(C) at pages 00463-00466; R., Ex. 72 at pages 00480-00490, 00501-00506, and 00514-00517).

42.    Defendants' RF consultant, RCC, agreed with plaintiff "that an outdoor DAS solution for the Town is an impractical and unfeasible solution for

the application under consideration." (R. Ex. 77 at page 00578).

      43.    By letter dated December 4, 2007, plaintiff submitted to the Planning Board a comparative sales analysis prepared by Edward J. Ferrarone, MAI, President of Lane Appraisals, Inc., which concludes that the "Facility will not result in the diminution of property values or reduce the marketability of properties in the immediate area." (R., Ex. 63A at pages 00411-00412, R., Ex. 63B at pages 00413-00426).

      44.    At the Planning Board public hearing on February 18, 2008, 22 months after the Application was filed, the Planning Board refused to close the public hearing and instead adjourned the public hearing to March 11, 2008 to allow the neighbors to obtain a property value appraisal. (Defendants' Failure to Deny Allegation #s 60 and 61 of Plaintiff's First Amended Complaint in Answer; R., Ex. 81 at pages 00634-00641, 82 at pages 00642-00672).

      45.    The neighbors had more than ample time to retain their own appraiser during the 22 month review of the Application and had not done so. (Defendants' Failure to Deny Allegation #61 of Plaintiff's First Amended Complaint in Answer).

      46.    The neighbors never submitted a property value appraisal to the Planning Board. (R., Ex. 1-86 at pages 00001-00683).

      47.    The only written evidence submitted to the record in opposition to Facility consisted of portions of a study that is seven years old, prepared in connection with a site in a different municipality, is based on an analysis

13

of high tension power lines; and concludes that there is lack of sufficient data to quantify a negative impact on property values; and a mere opinion letter from an appraiser which is based on a study conducted in New Zealand. (R., Ex. 74 at pages 00547-00554; R., Ex. 82 at pages 00642-00672).

48.     At the conclusion of the public hearing on March 11, 2008, the Planning Board adopted a one sentence motion to deny the Facility without providing any findings of fact or any justification to support the denial.   (R., Ex. 83 at page 00674).

49.     In moving to deny the application, Defendant Planning Board member Brendel Logan stated that the Facility is a "health risk", an "eyesore" and will "lower property values." (Gaudioso Aff. ¶116).

50.     Defendant Planning Board's denial of the Application was not filed with the Town Clerk within five (5) days of when it was rendered as required by New York State Town Law § 274-b(6). (Defendants' Failure to Deny Allegation #13 of Plaintiff's First Supplemental Complaint in Answer).

51.     The Stipulated Administrative Record does not contain a written denial. (R., Ex. 1-86 at pages 00001-00683).

52.     During the public hearings on the Application, the residents spoke in general terms against the Facility. These expressions of concern were based primarily on perceived fears of adverse health effects from RF emissions, and generalized concerns regarding aesthetics and property values. (Defendants' Failure to Deny Allegation #32 of Plaintiff's First Amended Complaint in Answer; R., Ex.

14

27 at pages 00229-00231, R., Ex. 31 at pages 00253-00257, R., Ex. 38 at pages

00313-00316, R., Ex. 61 at pages 00389-00394, R., Ex. 67 at pages 00432-00435,

R., Ex. 71 at pages 00467-00469, R., Ex. 72 at pages 00470-00544, R., Ex. 80 at

pages 00585-00633, R., Ex 81 at pages 00634-00641).

      53.    The Facility will comply with the FCC's standards regarding

RF emissions. (R., Ex. 7A-3  at pages 00095-00114).

      54.    The Negative Declaration adopted by Defendant Planning

Board confirmed that the Facility will not have an adverse aesthetic impact or impact

on property values. (R., Ex., 37 at pages 00311-00312).

Dated: August 14, 2008
      Tarrytown, New York 10591

Respectfully submitted:

Robert D. Gaudioso (RG 3829)
Snyder & Snyder, LLP
94 White Plains Road
Tarrytown, NY 10591
(914) 333-0700

Z:\SSDATA\WPDATA\SS3\RDG\voicestream\Ramapo\06-615\Litigation\Rule 56.1 Statement - Final.doc

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**OMNIPOINT COMMUNICATIONS, INC.,**
**OMNIPOINT NY MTA LICENSE, LLC,**
**and T-MOBILE LICENSE LLC,**

                Plaintiffs,
        -against-

**THE TOWN OF RAMAPO,** THE TOWN OF
RAMAPO PLANNING BOARD, PLANNING
BOARD CHAIRMAN SYLVAIN KLEIN,
BRACHA GOBIOFF, BRENDEL LOGAN,
REV. WALTER BRIGHTMAN, JR., JOHN
BRUNSON, RICHARD STONE, DORA
GREENE, in their official capacities,
constituting the Town Planning Board, THE
TOWN OF RAMAPO TOWN BOARD and
LIBORIO DERARIO in his official capacity as
Director of Building Administration and Code
Enforcement,

                Defendants.

---

**STIPULATION TO**
**CONTENTS OF THE**
**RECORD**

**08 CV. 2419 (SCR)**
**ECF Case**

---

      It is hereby stipulated and agreed by and between the parties hereto acting through

their undersigned counsel as follows: (1) that the administrative record, attached hereto

and composed of Exhibits 1-86, is the whole and complete administrative record; and (2)

anything not contained in the attached record will not be deemed part of the

administrative record for the purposes of this litigation; and (3) each document in the

administrative record is a true, accurate, and complete copy of the original document.

FOR PLAINTIFF

---

Robert D. Gaudioso, Esq. (ID RG 3829)
Snyder & Snyder, LLP
94 White Plains Road
Tarrytown, New York 10591
(914) 333–0700

FOR DEFENDANTS

_____

Michael B. Specht, Esq. (ID MS 2475)
Deputy Town Attorney
Town of Ramapo
237 Route 59
Suffern, NY 10901
(845) 357-5100


Dated: June 5, 2008
       Tarrytown, New York

Z:\GSDATA\WPDATA\SS3\RDG\voicemam\Stony Point\633 litigation\Stipulation

**Exhibit B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OMNIPOINT COMMUNICATIONS, INC.,
OMNIPOINT MTA LICENSE, LLC,
and T-MOBILE LICENSE, LLC,

ANSWER TO FIRST
AMENDED
COMPLAINT

Plaintiffs,

08 CV 2419 (SCR)
ECF CASE

-against-

THE TOWN OF RAMAPO, THE TOWN OF
RAMAPO PLANNING BOARD, PLANNING
BOARD CHAIRMAN SYLVAIN KLEIN, BRACHA
GOBIOFF, BRENDEL LOGAN, REV. WALTER
BRIGHTMAN, JR., JOHN BRUNSON, RICHARD
STONE, DORA GREENE, in their official
Capacities, constituting the Town Planning Board,
THE TOWN OF RAMAPO TOWN BOARD and
LIBORIO DERARIO in his official capacity as
Director of Building Administration and Code
Enforcement,

Defendants.

------------------------------------------------------------X

MICHAEL L. KLEIN, ESQ., Town Attorney of the Town of Ramapo, answers

the Complaint of the plaintiff on behalf of the defendants as follows:

## ANSWER TO PRELIMINARY STATEMENT

1.      Lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs 1, 2, and 4 of the complaint.

2.      With regards to the allegations contained in paragraph 1 of the complaint,

denies the allegations that the delay was unreasonable and that an effective denial

occurred.

3.      Denies the allegations contained in paragraph 3, 5 and 6 of the complaint.

## ANSWER TO JURISDICTION AND VENUE

4.    With regards to the allegations contained in paragraphs 8, an 9, of the complaint, respectfully refers the Court to the cited statues.

## ANSWER TO PARTIES

5.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11, 12, 13, 14, 15 and 16 of the complaint.

## ANSWER TO FACTS COMMON TO ALL COUNTS

6.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 20, 21, 22, 23, 24 and 25 of the complaint.

## ANSWER TO THE APPLICATION

7.    Denies the allegations contained in paragraph 33 of the complaint that the Town Board has evidenced hostility.

8.    Denies the allegations contained in paragraph 36, 41, 42, 44, 51, 52, 54, 57, 58, 65, 66, 67, 68, 69, 70, 71, 72, 74, 75, 76 and 77 of the complaint.

## ANSWER TO FIRST CLAIM FOR RELIEF

9.    With regards to the allegations contained in paragraph 78 of the complaint, defendant repeats its previous responses as though set forth in full herein.

10.    With regards to the allegations contained in paragraph 79 of the complaint, refers the Court to the cited statute.

11.    Denies the allegations contained in paragraph 80 of the complaint.

## ANSWER TO SECOND CLAIM FOR RELIEF

12.    With regards to the allegations contained in paragraph 81 of the complaint, defendant repeats its previous responses as though set forth in full herein.

13.    With regards to the allegations contained in paragraph 82 of the complaint, refers the Court to the cited statute.

11.    Denies the allegations contained in paragraph 83, 84 and 85 of the complaint.

## ANSWER TO THIRD CLAIM FOR RELIEF

12.    With regards to the allegations contained in paragraph 86 of the complaint, defendant repeats its previous responses as though set forth in full herein.

10.    With regards to the allegations contained in paragraph 87 of the complaint, refers the Court to the cited statute.

11.    Denies the allegations contained in paragraph 88 of the complaint.

## ANSWER TO FOURTH CLAIM FOR RELIEF

12.    With regards to the allegations contained in paragraph 89 of the complaint, defendant repeats its previous responses as though set forth in full herein.

13    With regards to the allegations contained in paragraph 90 of the complaint, refers the Court to the cited statute.

14.    Denies the allegations contained in paragraph 91 of the complaint.

## ANSWER TO FIFTH CLAIM FOR RELIEF

15.    With regards to the allegations contained in paragraph 92 of the complaint, defendant repeats its previous responses as though set forth in full herein.

16.    Denies the allegations contained in paragraph 93, 94 and 95 of the complaint.

WHEREFORE, the defendants demand judgment dismissing the complaint herein together with costs, disbursements and legal fees for the defense of this action.

Dated: Suffern, New York
       April 15, 2008

                                     MICHAEL L. KLEIN, ESQ.
                                     Town Attorney

                      By:

                                    ————————————————
                                    Michael B. Specht-#2475
                                    Deputy Town Attorney
                                    Attorney for Defendants
                                    237 Route 59
                                    Suffern, New York 10901
                                    (845) 357-5100

To: Snyder & Snyder, LLP
    Attorneys for Plaintiff
    94 White Plains Road
    Tarrytown, NY 10591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OMNIPOINT COMMUNICATIONS, INC.,
OMNIPOINT MTA LICENSE, LLC,
and T-MOBILE LICENSE, LLC,

                    Plaintiffs,

      -against-

THE TOWN OF RAMAPO, THE TOWN OF
RAMAPO PLANNING BOARD, PLANNING
BOARD CHAIRMAN SYLVAIN KLEIN, BRACHA
GOBIOFF, BRENDEL LOGAN, REV. WALTER
BRIGHTMAN, JR., JOHN BRUNSON, RICHARD
STONE, DORA GREENE, in their official
Capacities, constituting the Town Planning Board,
THE TOWN OF RAMAPO TOWN BOARD and
LIBORIO DERARIO in his official capacity as
Director of Building Administration and Code
Enforcement,

                 Defendants.

------------------------------------------------------------X

**ANSWER**

08 CV 2419 (SCR)
ECF CASE

     MICHAEL L. KLEIN, ESQ., Town Attorney of the Town of Ramapo, answers the Complaint of the plaintiff on behalf of the defendants as follows:

    1.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 6 and 12 of the complaint.

    2.    With regards to the allegations contained in paragraphs17, 20, and 23 of the complaint, defendants respectfully refer the Court to the applicable statutes for jurisdiction.

    3.    Denies the allegations contained in paragraphs 5, 7, 8, 9, 10, 11, 14, 15,18, 21, 24, 26, 27, and 28 of the complaint.

4.    With regards to the allegations contained in paragraph 1 of the complaint, admits that plaintiff commenced this action on March 10, 2008 but denies the allegations of "unreasonable delay and effective denial of plaintiff's special permit and site development plan application."

5.    With regards to the allegations contained in paragraph 3 of the complaint, denies that the denial of the application was "unsupported."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.    The Planning Board's decision was fully supported by the record.

WHEREFORE, the defendants demand judgment dismissing the complaint herein together with costs, disbursements and legal fees for the defense of this action.

Dated:  Suffern, New York
       April 15, 2008

MICHAEL L. KLEIN, Esq. - #9159
Town Attorney
Attorney for Defendants
237 Route 59
Suffern, New York 10901
(845) 357-5100

To: Snyder & Snyder, LLP
    Attorneys for Plaintiff
    94 White Plains Road
    Tarrytown, NY 10591